*486 JUSTICE RICE,
concurring in part and dissenting in part.
¶75 I agree with the Court’s disposition of Issues 1, 3, 6, and 7, but dissent from Issues 2, 4, and 5.1 believe the rulings involved in these issues deprived Allstate of a fair trial.
¶76 Initially, the District Court ruled summarily that Allstate could not be held liable under the UTPA for failing to advance pay Jacobsen his lost wages, and indicated an intention to exclude evidence which would be contrary to this conclusion. However, at trial, the court permitted Jacobsen to offer Mr. Ramsey’s expert testimony which, while not directly contradictory to the court’s earlier order, clearly implied that Allstate was under such a duty. Perhaps realizing the potential confusion over the issue, the court told the jury:
Mr. Ramsey is going to testify, most likely, in reference to some various legal rules or at least that they exist under the statues of the State of Montana and perhaps with general reference to some common law ... he cannot and will not be allowed to testify as to what particular judicial decision, how they apply in this case and whether or not they have been violated in this case. At the end of the case, I will instruct you what the applicable law is.
After proceeding with Ramsey’s testimony on the premise that it would later instruct the jury how to use his testimony about Allstate’s failure to advance pay, the court failed to do so. The court did not provide the promised instructions, instead the court denied Allstate’s request for and offering of a jury instruction which clarified Allstate did not have a legal duty to advance pay lost wages.
¶77 The Court dismisses Allstate’s argument under Issue 2 by concluding the law of the case was only that Allstate did not have a legal duty under the UTPA, ‘hot that its refusal to advance pay the wages could not be considered by the jury in any context.” Opinion, ¶ 23. While this may resolve the issue in the Court’s mind, it clearly does not resolve the question, in the jury’s mind, of what use to make of Ramsey’s testimony. Without the promised instruction, the jury was left with the impression from the substantial testimony regarding Allstate’s duty to advance pay wages that Allstate had violated the UPTA for that reason alone, essentially reversing the District Court’s earlier ruling in Allstate’s favor on the issue. I would conclude that the District Court abused its discretion. Rohrer v. Knudson, 2009 MT 35, ¶ 14, 349 Mont. 197, 203 P.3d 759.
¶78 I also disagree with the Court’s analysis of Issue 5, regarding the effect of the signed release. The Court dismisses Allstate’s challenge to the District Court’s exclusion of all evidence about the release: *487 Tbjecause Allstate’s rescission of Jacobsen’s release effectively voided the release from the beginning, it was not, as a matter of law, entitled to rely upon the legal effect of the release prior to its recession.” Opinion, ¶ 51. The issue, however, was not the ultimately void status of the release. Rather, the focus of the trial was upon Allstate’s motives in its handling of Jacobsen’s claim, including the actions it had taken prior to rescinding the release. The truth about Allstate’s actions included the impact that the signed release had upon its decisions. Good or bad, the jury should have received that whole truth, including evidence enlightening the jury about Allstate’s thought process at the time Jacobsen sought their help after the release had been signed but before it was rescinded. It is highly relevant and its omission unfairly prejudices Allstate. I believe this was likewise an abuse of discretion.
¶79 Finally, with regard to Issue 4, Allstate argues that the District Court erred by altering the language of the statute and using the word “claim” rather than “coverage” in its instruction to the jury about §33-18-201(1), MCA. On that particular question, I also agree with Allstate. In ¶ 39, the Court simply offers good reasons for not following the statute. However, where the statute is declaring the substantive law of liability under the UTPA, I would follow it and require jury instructions to state the standards which the statute requires.
¶80 I dissent on these issues.